UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KIM VILLARD,

    PLAINTIFF,                          CASE NO.

vs.

CITY OF BOCA RATON, Florida,
N.R. CAMPO, individually, and
RIC BRADSHAW, in his capacity as Sheriff
of Palm Beach County, Florida,

    DEFENDANTS.
_____/

## COMPLAINT

Kim Villard (hereafter "PLAINTIFF"), by and through the undersigned attorneys, sues City of Boca Raton, Florida (hereafter "DEFENDANT City"), N.R. Campo (I.D. #657), individually (hereafter "DEFENDANT Campo"), Ric Bradshaw, in his capacity as Sheriff of Palm Beach County, a subdivision of the State of Florida (hereafter "DEFENDANT Sheriff"), John Doe(s) and other presently unknown parties employed by DEFENDANT Sheriff (hereafter "DEFENDANT(S) John Doe(s)"), individually, and states as follows:

## BRIEF SUMMARY OF THE CASE

1. On or about July 17, 2018, PLAINTIFF was a passenger in a vehicle that was subject to a traffic stop at approximately 1000 NW 40th Street, in Boca Raton, Florida.

2. DEFENDANT Campo, employed at the time by DEFENDANT City as a police officer, made contact with PLAINTIFF, and erroneously believed she had an active warrant for her arrest out of the Palm Beach County Sheriff's Office for failing to appear at a court date.

3. PLAINTIFF adamantly informed DEFENDANT Campo that the supposed warrant was no longer active and had been previously vacated months ago.

4. DEFENDANT Campo "confirmed" that the warrant was active, even though the warrant to which he was referring had been previously recalled over three months prior.

Page **1** of **7**

5. DEFENDANT Campo arrested PLAINTIFF, after which she was transported and turned over to the Palm Beach County Sheriff's Office in West Palm Beach, Florida.

6. After she was transported and turned over, she again adamantly informed, and was repeatedly ignored by, multiple staff employees at the jail that the warrant had been inactive for several months.

7. Hours later, a conscientious employee finally listened and confirmed that the warrant was no longer active, and PLAINTIFF was subsequently released.

8. PLAINTIFF spent several hours in custody, thereby missing the scheduled surgery she had that morning for a very painful condition. The surgery thus had to be reset for several days later.

## NATURE OF THE CASE

9. This is an action for damages that raises state law claims of false arrest/false imprisonment against DEFENDANT Campo, vicarious liability against DEFENDANT City and DEFENDANT Sheriff pursuant to Florida Statute 768.28, and a Federal civil rights claim against DEFENDANT Campo cognizable via 28 U.S.C. §1983 for Constitutional violations caused by the false arrest/false imprisonment of PLAINTIFF.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and the laws of the State of Florida. Jurisdiction is based upon 28 U.S.C. § 1331 and § 1343, and PLAINTIFF further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide the claims arising under state law.

11. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees for each claim arising under state law.

12. All conditions precedent to the maintenance of this action have been performed before its filing, including those set forth by Florida Statute 768.28.

**THE PARTIES**

13. PLAINTIFF is a Florida resident and/or the incident occurred in Palm Beach County, Florida, and thus is subject to the jurisdiction of this Court.

14. DEFENDANT Sheriff is the Sheriff of Palm Beach County, a subdivision of the State of Florida, and is subject to the jurisdiction of this Court.

15. DEFENDANTS John Does were acting under color of law as employees of DEFENDANT Sheriff, and in such capacity as an agent, servant, and employee of DEFENDANT Sheriff.

16. DEFENDANT City is a municipal corporation located in Palm Beach County, Florida.

17. DEFENDANT Campo, at all times material, was employed as a police officer by DEFENDANT City.

**COUNT I – STATE LAW CLAIM AGAINST DEFENDANT CAMPO FOR FALSE IMPRISONMENT**

18. PLAINTIFF incorporates paragraphs 1 through 17 as if specifically restated herein.

19. DEFENDANT Campo, by direct act or indirect procurement, personally participated in or proximately caused PLAINTIFF's false arrest and/or false imprisonment.

20. The actions of DEFENDANT Campo, while in the course and scope of his employment with DEFENDANT City, were taken in the absence of probable cause that PLAINTIFF committed any criminal offense or was otherwise lawfully subject to arrest, and thus constitute false arrest and/or imprisonment under Florida law.

21. As a direct and proximate result of the false arrest and/or imprisonment, PLAINTIFF has suffered physical injury, loss of her freedom and civil rights, suffered loss of her liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  She endured mental suffering and aggravation of her physical and mental condition and suffered damaged reputation.

22. DEFENDANT Campo's relevant act or omission was committed in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

23. PLAINTIFF's losses are either permanent or continuing in nature, and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands trial by jury as to all issues so triable and judgment for damages against DEFENDANT Campo, for compensatory and economic damages, as well as other equitable relief as this Court may grant to PLAINTIFF.

## COUNT II – ALTERNATIVELY TO COUNT I, RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AGAINST DEFENDANT CITY FOR STATE LAW CLAIM OF FALSE ARREST/FALSE IMPRISONMENT

24. PLAINTIFF reincorporates paragraphs 1 through 17 above as if specifically restated herein.

25. The actions of the officers, employees, and/or agents acting on behalf of DEFENDANT City in restraining, arresting, and confining PLAINTIFF, constituted an unlawful restraint that was unreasonable and unwarranted under the circumstances.

26. The false arrest and/or false imprisonment of PLAINTIFF by DEFENDANT Campo was committed in the course and scope of his employment as a police officer for DEFENDANT City, and was not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, and DEFENDANT City is thus liable for acts and omissions by DEFENDANT Campo pursuant to Florida Statute 768.28.

27.	As a direct and proximate result of the false arrest and/or imprisonment, PLAINTIFF has suffered physical injury, loss of her freedom and civil rights, suffered loss of her liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  She endured mental suffering and aggravation of her physical and mental condition and suffered damaged reputation.

28.	PLAINTIFF's losses are either permanent or continuing in nature, and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands trial by jury as to all issues so triable and judgment for damages against DEFENDANT City, for compensatory and economic damages, as well as other equitable relief as this Court may grant to PLAINTIFF.

## **COUNT III – RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AGAINST DEFENDANT SHERIFF FOR STATE LAW CLAIM OF FALSE ARREST/FALSE IMPRISONMENT**

29.	PLAINTIFF incorporates paragraphs 1 through 17 as if specifically restated herein.

30.	The actions of the officers, employees, and/or agents on behalf of DEFENDANT Sheriff, in failing to remove the recalled warrant from their system, thereby proximately causing the restraint, arrest, and confinement of PLAINTIFF, constituted an unlawful restraint that was unreasonable and unwarranted under the circumstances.

31.	The false arrest and/or false imprisonment of PLAINTIFF proximately caused by DEFENDANT John Doe(s) was committed in the course and scope of employment for DEFENDANT Sheriff, and was not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, and DEFENDANT Sheriff is thus liable for acts and omissions by DEFENDANT John Doe(s) pursuant to Florida Statute 768.28.

32. As a direct and proximate result of the false arrest and/or imprisonment, PLAINTIFF has suffered physical injury, loss of her freedom and civil rights, suffered loss of her liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  She endured mental suffering and aggravation of her physical and mental condition and suffered damaged reputation.

33. PLAINTIFF's losses are either permanent or continuing in nature, and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands trial by jury as to all issues so triable and judgment for damages against DEFENDANT Sheriff, for compensatory and economic damages, as well as other equitable relief as this Court may grant to PLAINTIFF.

## COUNT IV – 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT CAMPO, INDIVIDUALLY

34. PLAINTIFF reincorporates paragraphs 1 through 17 above as if specifically restated herein.

35. DEFENDANT Campo had no arguable probable cause to arrest PLAINTIFF, and no legal cause or excuse to search and seize PLAINTIFF and deprive her of liberty and freedom.

36. The actions of DEFENDANT Campo violated PLAINTIFF's clearly established and well-settled Fourth Amendment right to be free from unreasonable search or seizure.

37. As a direct and proximate cause of DEFENDANT Campo's actions, PLAINTIFF was deprived of her federal Constitutional rights, and suffered physical and mental trauma and loss of liberty and freedom.

WHEREFORE, PLAINTIFF demands trial by jury as to all issues so triable and judgment for damages against DEFENDANT Campo for compensatory, economic, and exemplary damages, and reasonable attorney's fees and costs, as well as other relief as this Court may deem appropriate.

DATED this 25th day of September, 2019.

        s/Michael Glasser

        _____

        Michael Glasser
        Florida Bar Number:  0554367
        Rudenberg & Glasser, P.A.
        633 SE 3rd Avenue, Suite 4F
        Ft. Lauderdale, FL 33301
        (954) 463-9518